**ADVOCATES FOR WORKER RIGHTS LLP**
Marco A. Palau, Bar No. 242340
Joseph D. Sutton, Bar No. 269951
Eric S. Trabucco, Bar No. 295473
212 9th Street, Suite 314
Oakland, California 94607
Telephone: (510) 269-4200
Fax: (408) 657-4684

**JUSTICE AT WORK LAW GROUP, LLP**
Tomas E. Margain, Bar No. 193555
1550 The Alameda, Suite 302
San Jose, California 95126
Telephone: (408) 317-1100
Facsimile: (408) 351-0105

Attorneys for Plaintiff
EFREN MORENO and the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN MORENO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL BUILDING MAINTENANCE & CLEANING SERVICES, INC.<br><br>Defendants. | Case No. 4:19-cv-07087-DMR<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, CALIFORNIA LABOR CODE AND CALIFONRIA BUSINESS AND PROFESSIONS CODE; AND FOR CIVIL PENALTIES PURSUANT TO THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT** |

Plaintiff EFREN MORENO, on behalf of himself and all other similarly situated current and former employees of Defendant CAPITAL BUILDING MAINTENANCE & CLEANING SERVICES, INC complains and alleges as follows:

1

FIRST AMENDED CLASS ACTION COMPLAINT

**INTRODUCTION**

1. This action is brought on behalf of similarly situated employees as a collective action under the Fair Labor Standards Act (FLSA), against Defendant for violations of federal overtime laws.

2. This lawsuit is brought a class action lawsuit brought pursuant to Federal Rule of Civil Procedure 23 for violations of the California Labor Code, California Business and Professions Code §§ 17200 *et seq.*, and applicable IWC Wage Orders, including Wage Orders 5-2001 and 16-2001 (hereinafter the "Wage Orders"). Finally, this action is brought as a representative action on behalf of the State of California, the Real Party in Interest, under the Private Attorneys General Act (hereinafter "PAGA"), California Labor Code §§ 2699 *et seq.* Plaintiff seeks to enforce that state's laws and to collect civil penalties paid in large part to the State of California, with a lesser percentage of those civil penalties distributed to Plaintiff and other current or former employees of Defendants (collectively referred to as the "PAGA Pool").

3. Plaintiff has complied with the pre-filing requirements of PAGA set forth in Labor Code § 2699.3 by giving timely written notice to the Defendants and the Labor & Workforce Development Agency (hereinafter "LWDA") of the alleged violations and the facts and theories supporting them. More than 65 calendar days have passed without receiving notice from the LWDA of an intent to investigate the allegations. As such, Plaintiff is statutorily authorized to represent the state to enforce California's Labor Code and Industrial Welfare Commission (hereinafter "IWC") Wage Order provisions and collect penalties on behalf of the state and the workforce.

4. Defendant provides various labor services, including window washing, construction clean up, floor maintenance, pressure washing, trash and graffiti removal and other specialty services described on its website (www.capitalbldg.com/special-services/).

5. Plaintiff is a former employee of Defendant who was not compensated at the proper rate for his overtime hours and not compensated for all hours worked. He brings this class action on behalf of himself and all other current and former similarly situated employees of Defendant. Plaintiff also seeks to recover civil penalties under PAGA for the violations described in this complaint on behalf of the State of California and the PAGA Pool.

6. The claims revolve around the following illegal policies and practices which have been in place at all times relevant to this action:

(a) When overtime hours are worked, Defendant lowers the hourly rate of pay for overtime hours and uses that lower rate to compute the overtime rate, rather than computing the "regular rate of pay" or using the *weighted average* rate to pay for overtime, in violation of the FLSA's overtime requirements.

(b) Defendant maintains a timekeeping policy that systematically fails to record accurately the start and end of work periods and meal periods and all hours worked, in violation of the California Wage Orders, California Labor Code and FLSA record-keeping requirements.

(c) Defendant enforces a compensation policy or practice of paying workers based on time records that are inaccurate and do not capture all hours worked, in violation of the California Wage Orders and Labor Code.

7. Defendant's use of a lower rate of pay for overtime rather than the weighted average of all rates used within the workweek violates the FLSA.

8. 29 C.F.R. § 778.115 states in pertinent part:

> Where an employee in a single workweek works at two or more different types of work for which different nonovertime rates of pay (of not less than the applicable minimum wage) have been established, his regular rate for that week is the weighted average of such rates. That is, his total earnings (except statutory exclusions) are computed to include his compensation during the workweek from all such rates, and are then divided by the total number of hours worked at all jobs.

9.      Plaintiff brings this lawsuit on behalf of the class to challenge the unfair and unlawful practices that Defendant have engaged in with regard to its compensation policies.

10.     Plaintiff seeks restitution and compensation on behalf of himself and other similarly situated employees for unpaid wages, overtime premiums, statutory penalties, and interest. Finally, Plaintiffs seek reasonable attorneys' fees and costs pursuant to the Fair Labor Standards Act (FLSA), the California Labor Code, including sections 1194, and California Code of Civil Procedure § 1021.5[1].

## PARTIES

11.     Plaintiff EFREN MORENO is an individual over the age of eighteen (18) and at all relevant times residents of San Mateo County in California. Plaintiff was employed by Defendant within the four years preceding the date that this Complaint was filed.

12.     Plaintiff MORENO by this Complaint hereby opts in as a plaintiff to bring overtime claims against Defendant pursuant to the FLSA.

13.     Defendant CAPITAL BUILDING MAINTENANCE & CLEANING SERVICES, INC. is a California corporation headquartered in San Mateo County. It is authorized to, and in fact does, business in the State of California.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over Plaintiff's claims and those of similarly situated current and former employees for unpaid wages under the FLSA both under Enterprise Coverage and Individual Coverage.

15.     Venue is proper in this Court because Defendant is a California corporation that is based in and operates out of this Court's district.

---

[1] All further references to Labor Code, Business and Professions Code, or Code of Civil Procedure are references to California statutes.

4
FIRST AMENDED CLASS ACTION COMPLAINT

**FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

16. Defendant provides labor services throughout the San Francisco Bay Area and Northern California.

17. At all times relevant to this action, Defendant compensated its employees on an hourly basis, including Plaintiff.

18. When Plaintiff and, on information and belief, similarly situated workers worked more than 40 hours in a week, their regular rate of pay for purposes of computing overtime pay was not based on a weighted average of all the hourly rates within the workweek.

19. At various times relevant to this action, Defendants lowered overtime pay to an overtime rate of just a few dollars more than the regular rate.

20. The overtime hours would also primarily be put in separate pay checks with separate wage statements paid in the same pay period.

21. For example, Plaintiff could receive one check and wage statement for his 40 regular rate hours -- which in 2016 were paid at a rate of $22.73 an hour.  Plaintiff would then receive a second check and wage statement for the same pay period covering overtime hours and listing his overtime rate as $27.00.  While the regular rate would not be listed in the overtime wage statement, based on the fact overtime is paid at 1.5 times the regular rate, his regular rate of pay for the overtime hours was $18.00.

22. Defendant violated California Labor Code section 1194 and 1194.2, among other provisions, by not paying for all hours worked.

23. Defendant had a pay system, used by all workers, in which they would not properly record all hours worked, resulting in workers not being paid for all hours worked and not being paid minimum wage for all hours worked.

24. Defendant violated California Labor Code section 226 by issuing wage statements for overtime pay that did not list the regular rate of pay and did not properly calculate overtime wages.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23 for violations of the Fair Labor Standards Act, Labor Code and Business & Professions Code §§ 17200, *et seq.* Plaintiff seeks to represent the following Rule 23 class of employees, defined as follows:

> All hourly employees of CAPITAL BUILDING MAINTENANCE & CLEANING SERVICES, INC. who worked for Defendant in California within four years of the filing of the original complaint in this action through the date of the action's final disposition.

26. Additionally, Plaintiff seeks to represent the following FLSA Opt-In Class:

> All hourly employees of CAPITAL BUILDING MAINTENANCE & CLEANING SERVICES, INC. who worked more than 40 hours in a given workweek for Defendant and were employed within four years of the filing of the original complaint in this action through the date of the action's final disposition.

27. The exact number of class members is unknown to Plaintiff at this time. On information and belief, Plaintiff alleges that there are at least 40 class members. Accordingly, the members of the class are so numerous that joinder of all members would be impracticable. The disposition of the class members' claims through this class action will benefit both the parties and the Court. The exact number and identity of the proposed class members are readily ascertainable through inspection of Defendants' records.

28. Common questions of law and fact exist as to members of the class and include, but are not limited to, the following:

> (a) Whether Defendants failed to pay Plaintiffs and members of the class all overtime wages due by refusing to compensate them at the required overtime rate for overtime hours;

(b) Whether Defendants failed to pay Plaintiff and class members for all "hours worked" as the term is defined in the California Wage Orders, in violation of California law;

(c) Whether Defendants violated the record-keeping requirements of state and federal law;

(d) Whether Defendants failed to provide Plaintiffs and members of the class accurate wage statements showing all hours worked and all wages due;

(e) Whether Defendants willfully failed to pay all wages due Plaintiffs and members of the class upon termination; and

(f) Whether Defendants engaged in unfair competition proscribed by the Business and Professions Code by engaging in the conduct described hereinabove.

29. Plaintiffs' claims are typical of the claims of the class that Plaintiff seeks to represent. Defendant's common course of conduct with respect to Plaintiff and members of the class has caused them to sustain the same or similar injuries and damages.

30. Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Plaintiff is a member of the class and does not have any conflict of interest with other class members. Plaintiff has retained and is represented by competent counsel that are experienced in complex class action litigation, including wage and hour class actions such as the present action.

31. The nature of this action and California law make a class action the superior and appropriate procedure to afford relief for the wrongs alleged herein.

**COUNT ONE**
**FEDERAL CLAIM**
*Fair Labor Standards Act, 29 U.S.C. §§ 207, 216(b), and 255(a)*
*Failure to Pay Minimum Wage and Overtime*
Plaintiff on Behalf of the FLSA Class

32. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

33. Defendants operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r)-(s) and related Department of Labor regulations.

34. Defendant's employees worked at various times more than forty (40) hours a week.

35. At all relevant times herein, Defendant was required by the Fair Labor Standards Act to pay their employees, including Plaintiff and other similarly situated employees, at their regular rate for all regular hours and at their overtime rate of one-and-a-half (1.5) times the regular rate for all hours over 40 in a week. 29 U.S.C. § 201, *et seq*.

36. At all times relevant to this action, Defendant has been subject to the requirements set forth in 29 C.F.R. § 778.115, which states the following:

> Where an employee in a single workweek works at two or more different types of work for which different nonovertime rates of pay (of not less than the applicable minimum wage) have been established, his regular rate for that week is the weighted average of such rates. That is, his total earnings (except statutory exclusions) are computed to include his compensation during the workweek from all such rates, and are then divided by the total number of hours worked at all jobs.

37. Defendants routinely required, suffered or permitted Plaintiff and other similarly situated employees to work more than forty (40) hours per week without paying all of their wages for overtime work or compensating for overtime at the rate required by the FLSA.

38. In failing to pay their employees all overtime wages at one-and-one-half (1.5) times their regular rate of pay, Defendant willfully violated the FLSA.

39. As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiff and other similarly situated employees incurred general damages in lost overtime wages in an amount to be proved at trial.

8
FIRST AMENDED CLASS ACTION COMPLAINT

40. Defendant intentionally, with reckless disregard for its responsibilities under the FLSA and without good cause, failed to pay Plaintiff and other similarly situated employees proper wages. Defendant is thus liable to Plaintiff and the FLSA class for liquidated damages in an amount equal to their lost wages over a three-year statute of limitations.  29 U.S.C. §§ 216(b) and 255(a).

41. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to the FLSA. 29 U.S.C. § 216(b).

**COUNT TWO**
**PENDENT STATE CLAIM**
*California Labor Code §§ 1194, 1194.2, 1197 and Wage Orders*
*Failure to Compensate for All Hours Worked and Violation of Minimum Wage*
Plaintiff on Behalf of the Rule 23 Class

42. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

43. Defendant is required to compensate employees for all "hours worked" as set forth in the applicable Wage Order(s).

44. Defendant is also required to compensate employees for all hours worked at rates that are not less than the legal minimum wage, pursuant to Labor Code section 1194.

45. Under Labor Code section 1194.2, an employer that violates the minimum wage is liable for liquidated damages in an amount equal to the minimum wages owed.

46. Defendant failed to compensate Plaintiff and, on information and belief, class members for all hours worked, resulting in violations of Labor Code section 1194 and the Wage Orders.

47. Defendant paid Plaintiff and, on information and belief, class members based on time sheets that did not contain all hours worked.

48. As a result of Defendant's practice or policy, Plaintiff and, on information and belief, class members were paid no wages for portions of their workday, in violation of California's minimum wage laws.

49. Defendant is liable to Plaintiff and class members for wages, liquidated damages, interest, attorney's fees and cost of suit, pursuant to Labor Code section 1194 and 1194.2.

**COUNT THREE**
**PENDENT STATE CLAIM**
*California Labor Code § 203*
*Waiting Time Penalties*
Plaintiff on Behalf of the Rule 23 Class

50. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

51. At the time Plaintiff's employment with Defendant was terminated, and any other similarly situated employee who was terminated, Defendant owed him unpaid regular and overtime wages as previously alleged, and such wages owed to them were ascertainable at the time of termination.

52. Failure to pay wages owed at an employee's termination subjects the employer the payment of a penalty equaling up to thirty (30) days' wages. Cal. Labor Code §§ 201 and 203.

53. As of this date, Defendants has failed and refused, and continue to fail and refuse, to pay the amount due, thus making each such Defendant liable to Plaintiff and other similarly situated employees for penalties equal to thirty (30) days' wages.

54. Plaintiff and other similarly situated employees can and will comply with the requirements and standards to the extent required by law to prosecute this violation as a representative action under the Unfair Trade Practices Act.

**COUNT FOUR**
**PENDENT STATE CLAIM**
*California Labor Code § 226*
*Failure to Provide Accurate Wage Statements*
Plaintiff on Behalf of the Rule 23 Class

55. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

56. At all times relevant hereto, Defendant was required to provide each employee with accurate wage statements setting forth, among other things, the dates of labor for which payment of wages is made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, all applicable hourly rates, and the name and address of the employer. Cal. Labor Code § 226.

57. California Labor Code section 226(a) requires:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

58. Defendant knowingly and intentionally failed to provide Plaintiff and other similarly situated employees with accurate, itemized wage statements in compliance with Labor Code § 226. Such failures in Defendant's itemized wage statements include, among other things, not accurately showing the total hours worked, not showing all applicable rates of pay, including the rate for

overtime hours worked and amount of overtime pay, not accurately showing gross and net wages earned, and/or incorrectly reporting gross wages earned.

59. As a direct result of Defendant's conduct, Plaintiff and other similarly situated employees were never provided with accurate paystubs. Plaintiff and other similarly situated employees are entitled to recover penalties in an amount of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation up to $4,000.00.

60. Plaintiff has incurred and will continue to incur attorney fees in the prosecution of this action.

**COUNT FIVE**
**PENDENT STATE CLAIM**
*Business and Professions Code §§ 17200 et seq.*
*Engaging in Unfair Competition*
Plaintiff on Behalf of the Rule 23 Class

61. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

62. At all times relevant herein, Defendant was required to pay their employees, including Plaintiffs and other similarly situated employees, at an overtime rate for work performed in excess of 40 hours per week or 8 hours per day. 29 U.S.C. §§ 207 and 216, Cal. Labor Code §1194; IWC Wage Order 5-2001 and 16-2001.

63. Defendants were also required to provide their employees compliant wage stubs. Cal. Labor Code § 226.

64. At all times relevant herein, Defendants were also required to refrain from engaging in unfair competition. Cal. Bus. & Prof. Code § 17000, *et seq*.

65. Defendant engaged in unfair competition by failing to pay Plaintiff and other similarly situated employees for all hours worked and at an overtime rate for his overtime hours. Plaintiffs and other similarly situated employees were entitled to those wages, which Defendant kept

for itself.  These illegal acts gave Defendant a competitive advantage over other employers and business in the care provider industry who were in compliance with the law.

66. Defendants were also aware of the existence and requirements of the Unfair Trade Practice Act, and the requirements of the Labor Code and Wage Order 5, 2001 and 16-2001, but knowingly, willfully, and intentionally failed to pay Plaintiffs and other similarly situated employees for all hours worked and at their overtime rate for their overtime hours and provide them breaks.

67. As a direct and proximate result of Defendant's failure and refusal to pay for all hours and pay at the overtime rate for all overtime hours, Plaintiff's rights were violated, as well as the rights of other similarly situated employees, and they suffered general damages in the form of unpaid wages in an amount to be proved at trial.

68. Plaintiff and other similarly situated employees have been illegally deprived of their overtime pay and herein seek restitution pursuant to Business and Professions Code § 17203.

**COUNT SIX**
**PENDENT STATE CLAIM**
*Declaratory Relief*
Plaintiff on Behalf of the Class

69. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein, and further alleges as follows:

70. An actual controversy has arisen between Plaintiffs and members of the class, on the one hand, and Defendants, on the other hand, as to their respective rights, remedies and obligations. Specifically, Plaintiffs contend, and Defendants deny, that:

  (a) Defendants have failed and continue to fail to properly pay overtime wages based on the correct regular rate of pay;

  (b) Defendants have failed and continue to fail to provide Plaintiffs and members of the class accurate wage statements showing all hours worked, the corresponding hourly rate, and all gross and net wages earned;

71.     Plaintiff further alleges that members of the class are entitled to recover earned wages, liquidated damages, and penalties as alleged herein.

72.     Accordingly, Plaintiff seeks a declaration as to the respective rights, remedies, and obligations of the parties.

**COUNT SEVEN**
**PENDENT STATE CLAIM**
*California's Private Attorneys General Act*
*California Labor Code §§ 2699 et seq.*
Plaintiff for the State, Himself and the PAGA Pool Against Defendants

73.     Plaintiff re-alleges and incorporates the above allegations above as if fully stated herein.

74.     Plaintiff is an aggrieved employee as defined in California Labor Code section 2699(a). He brings this cause of action on behalf the State of California with respect to the labor law violations they and all other current or former non-exempt employees experienced during the relevant time-period, as alleged in this complaint.

75.     As described in this complaint, Defendants violated the California Labor Code and Wage Orders.

76.     PAGA permits an individual to recover civil penalties on behalf of herself and other current or former employees for violations of the Labor Code and Wage Orders. Labor Code § 2699(a).

77.     Defendants are liable for PAGA penalties for the Wage Order and Labor Code violations described in this complaint. Plaintiff alleges that Defendants violated the following provisions of the Labor Code: sections 226, 226.3 and 2699(f) for providing inaccurate wage statements that fail to state accurately the total hours worked, gross and net wages earned, and all applicable rates of pay and the corresponding hours;

78.     As a result of violations of the Wage Order and California Labor Code section 226, Defendants are liable for civil penalties pursuant to California Labor Code §§ 210, 223, 352, 2699(f) and 2698 *et seq.*

79. California Labor Code s§ 1174(d) requires employers to keep "payroll records showing the hours worked daily by and the wages paid to" all employees. Section 1174 requires employers to keep such records for at least three years.

80. The applicable Wage Orders require employers to keep accurate time records showing when an employee begins and ends each work period, meal period and rest period, as well as total hours worked in the payroll period and applicable rates of pay.

81. Defendants have failed to maintain accurate records required by the Wage Order and Labor Code, subjecting it to civil penalties pursuant to Labor Code § 1174.5.

82. Defendants are liable for civil penalties for their failure to compensate for all hours worked, pursuant to Labor Code §§ 200, 204, 204b, 210, 223, 510, 511, 558, 1194, 1194.2, 1197, 1197.1, 1198, 2699(f) and 2698 *et seq.*

83. Defendants are liable for civil penalties for failing to pay overtime, pursuant to Labor Code §§ 200, 204, 204b, 210, 223, 510, 511, 558, 1194, 1194.2, 1197, 1197.1, 1198, 2699(f) and 2698 *et seq.*

84. Defendants are liable for failing to provide accurate wage statements. Civil penalties are due pursuant to Labor Code §§ 226, 246, 246.5, 247, 247.5, 248.5, 1174, 1174.5, 2699(f) and 2698 *et seq.*

85. Defendants are liable for civil penalties pursuant to California Labor Code §§ 203, 256, 1197.1 and 2698 *et seq.* for failing to pay all wages owed timely upon separation from employment, including all overtime wages, all wages for all hours worked, and all rest and meal period premiums, in violation of Labor Code sections 201 and 202.

86. Plaintiff seeks civil penalties for himself, the state and PAGA Pool, as well as attorney's fees and cost of suit, pursuant to PAGA.

***Attorney's Fees and Costs***

87. Enforcement of statutory provisions enacted to protect workers and to ensure proper and prompt payment of wages due to employees is a fundamental public interest in California. Consequently, Plaintiffs' success in this action will result in the enforcement of important rights affecting the public interest and will confer a significant benefit upon the general public. Private enforcement of the rights enumerated herein is necessary as no public agency has pursued enforcement. Plaintiffs are incurring a financial burden in pursuing this action and it would be against the interest of justice to require the payment of any attorney's fees and costs from any recovery that might be obtained herein. As prayed for below, Plaintiff and his counsel, ADVOCATES FOR WORKER RIGHTS, LLP and JUSTICE AT WORK LAW GROUP, LLP, are entitled to and seek an award of attorneys' fees and costs pursuant law including but not limited to the FLSA, Code of Civil Procedure § 1021.5, Labor Code § 1194 and other applicable laws.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1. For declaratory relief as pled or as the Court may deem proper;
2. For preliminary and permanent injunctive relief prohibiting Defendant, its officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;
3. For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;
4. For an order awarding Plaintiff and the members of the class compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed Plaintiff and members of the class, together with interest on these amounts, according to proof;
5. For an Order certifying an overtime class under the FLSA;
6. For an Order certifying a Rule 23 class;

7. For an order appointing Plaintiff as class representative and his attorneys as class counsel;

8. For overtime wages and interest for Plaintiff and the Class under the FLSA, 29 USC §§ 201 *et seq.*;

9. For liquidated damages under the FLSA for Plaintiff and the Class;

10. For wages and liquidated damages and interest pursuant to Labor Code §§ 1194 and 1194.2;

11. For an award of reasonable attorneys' fees as provided by applicable law, including the FLSA, Labor Code section 1194 and Code of Civil Procedure § 1021.5;

12. For reasonable attorney's fees and costs, including expert witness fees, pursuant to California Labor Code §§ 2699 *et seq.*;

13. For an award of civil penalties payable to Plaintiff and other current or former employees (PAGA Pool) under PAGA for each violation of the Labor Code and Wage Order described in this complaint, including but not limited to penalties under Labor Code §§ 210, 226.3, 256, 558, 1174.5, 1197.1, 2699(a), 2699(f), and other provisions described in this complaint;

14. For all costs of suit; and

15. For such other and further relief as this Court deems just and proper.

Dated:  December 27, 2019        **ADVOCATES FOR WORKER RIGHTSLLP**
                                 **JUSTICE AT WORK LAW GROUP**

                                 */s/ Marco A. Palau*

                                 Tomas E. Margain
                                 Marco A. Palau
                                 Joseph D. Sutton
                                 Eric S. Trabucco
                                 Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: December 27, 2019     **ADVOCATES FOR WORKER RIGHTS LLP**
    **JUSTICE AT WORK LAW GROUP**

    */s/ Marco A. Palau*

Tomas E. Margain
Marco A. Palau
Joseph D. Sutton
Eric S. Trabucco
Attorneys for Plaintiffs